IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JENA PAIGE, )
)
    Plaintiff, )
)
v. ) CASE NO. CV408-071
)
UNITED STATES OF AMERICA, )
)
    Defendant. )
)

# O R D E R

Before the Court is Defendant's Motion to Dismiss. (Doc. 8.) For the reasons that follow, the Defendant's Motion is **GRANTED** and the case is **DISMISSED**.

## BACKGROUND

It appears that Plaintiff has filed three earlier complaints on nearly identical facts. On October 17, 2006, Plaintiff filed suit in the United States District Court for the Southern District of Georgia. See Paige v. United States, CV406-254 (S.D. Ga. Oct. 17, 2006). Plaintiff voluntarily dismissed that complaint after the Magistrate Judge ordered her to provide documentation that she exhausted her administrative remedies. On February 26, 2007, Plaintiff filed suit in the United States Court of Federal Claims. See Paige v. United States, CV107-128 (Fed. Cl. Feb. 26, 2007). The Federal Court of Claims

dismissed Plaintiff's complaint for lack of subject-matter jurisdiction. On October 9, 2007, Plaintiff again filed suit in the Southern District of Georgia. See Paige v. United States, CV407-151 (S.D. Ga. Oct. 9, 2007). The Court dismissed Plaintiff's complaint because she both failed to prove that she exhausted her administrative remedies and failed to state a claim on which relief could be granted.

Undeterred, Plaintiff filed this pro se complaint against the United States of America in the Superior Court of Liberty County, Georgia, on March 31, 2008. Defendant properly removed the case to this Court on April 8, 2008.[1]

While Plaintiff's complaint includes almost no factual allegations, it appears Plaintiff is alleging that she was wrongfully terminated by the United States Air Force on June 2, 2006.[2] Plaintiff appears to be claiming that her termination violated both Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the Americans

---

[1] Plaintiff filed a "Notice of Dismissal" in response to Defendant's Motion to Dismiss. (Doc. 11.) In the response, Plaintiff argues that her case against Defendant is pending in Georgia Superior Court and not federal court. She reasons, therefore, that there is no case for this Court to dismiss. This Court has previously ruled that removal of the case from state court to federal court was proper. (Doc. 10.)

[2] It is not clear from Plaintiff's Complaint if Plaintiff was a civilian or military employee of the Air Force.

with Disability Act, 42 U.S.C. §§ 12101–12213. In addition, Plaintiff appears to be alleging that the negligence of Defendant resulted in her being harassed, verbally and physically assaulted, falsely arrested, and defamed.

**ANALYSIS**

It is well established that before a federal employee "may sue for discrimination under Title VII, she must first exhaust her administrative remedies." Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001). Under the Code of Federal Regulations, federal employees complaining of discrimination under Title VII have forty-five days after the commission of the discriminatory act to "initiate contact" with a counselor at the appropriate Equal Employment Opportunity agency. 29 C.F.R. § 1614.105(a)(1). The deadline must be extended if the employee (1) was unaware of the deadline and the employer failed to notify her; (2) did not know, and had no reason to know, of the discriminatory act or adverse employment action; (3) was prevented from contacting the counselor for reasons beyond her control; or (4) for other good reasons as determined by the agency or commission. Id. 1614.105(a)(2). Compliance with the regulation is a

"jurisdictional prerequisite to filing a Title VII action." Crawford v. Babbitt, 186 F.3d 1322, 1326 (11th Cir. 1999).

In addition, under the Civil Service Reform Act of 1978 (CSRA), Pub. L. No. 95-454, 92 Stat. 1111 (codified as amended in scattered sections of 5 U.S.C.), Federal Employees may appeal any adverse employment decision, including those based on discrimination, to the Merit Systems Protection Board (MSPB). 5 U.S.C. § 7701(a); see Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1575–76 (11th Cir. 1990). Federal employees have thirty days from the later of the effective date of the agency action, or receipt of the agency decision, to file an appeal with the MSPB. 5 C.F.R. § 1201.154. Failure to fully exhaust the grievance procedure prevents a federal employee from filing suit. Ferry v. Hayden, 954 F.2d 658, 661 (11th Cir. 1992).

In the present case, Plaintiff has failed to provide any factual allegation that she exhausted her administrative remedies under Title VII or the CSRA.[3] Plaintiff states that she was terminated on June 2, 2006.

---

[3] The Court notes that Plaintiff's Complaint does not state whether she was a civilian or military employee. If Plaintiff was a military employee, "well-established caselaw exclud[es] uniformed military personnel from protection under Title VII." Doe v. Garrett, 903 F.2d 1455, 1458 (11th Cir. 1990).

4

At no point in her complaint does Plaintiff state that she contacted an Air Force Equal Employment Opportunity counselor concerning a discriminatory act. In addition, Plaintiff has not alleged any facts that would entitle her to an extension of the deadline. Also, Plaintiff fails to allege that she filed a timely appeal with the MSPB. Therefore, Plaintiff is barred from filing suit against Defendant because she failed to exhaust her administrative remedies.[4]

Plaintiff seems to also be alleging that she suffered verbal and physical abuse, was falsely arrested, and was defamed by Defendant. However, Plaintiff fails to name any of the parties responsible for the mistreatment. Furthermore, she provides no factual allegation as to what actually occurred. This Court has only been provided with conclusory statements that Plaintiff suffered wrongs. While this Court does liberally construe pro se complaints, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the Court cannot manufacture or imply facts where

---

[4] The Rehabilitation Act, 29 U.S.C. §§ 701-7961, governs claims of employment discrimination based on a disability by federal employees. See Doe v. Garrett, 903 F.2d 1455, 1458-59 (11th Cir. 1990). These claims are also subject to the same requirements for a Title VII race or sex discrimination claim. Id. Therefore, to the extent that Plaintiff alleges discrimination based on a disability, these claims are barred because Plaintiff failed to exhaust her administrative remedies.

Plaintiff has failed to plead any. Absent any "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), this Court must dismiss Plaintiff's claims. See Bell Atl. Corp. v. Twombley, 127 S. Ct. 1955, 1964–65 (2007) (explaining that an alleged "entitlement to relief" set forth in a claim must rest on more than "labels and conclusions").

Accordingly, Defendant's Motion to Dismiss is **GRANTED** and the case is **DISMISSED**.

SO ORDERED this 6th day of October, 2008.

> WILLIAM T. MOORE, JR., CHIEF JUDGE
> UNITED STATES DISTRICT COURT
> SOUTHERN DISTRICT OF GEORGIA